CITY OF LOUISIANA, Appellant, v. SHAFFNER, Respondent.

### St. Louis Court of Appeals, January 19, 1904.

**MUNICIPAL CORPORATIONS:** Ordinance: Advertisement for **Bids.** Where a city, proceeding under sections 6261 and 6262, Revised Statutes of 1899, constructed a sidewalk in front of defendant's property, and the advertisement for bids for such construction referred for specifications to an ordinance which contained no specifications or provisions for such sidewalk, the proceeding was ineffectual to place a lien on defendant's lot.

Appeal from Louisiana Court of Common Pleas.—
*Hon. D. H. Eby,* Judge.

AFFIRMED.

*James W. Reynolds* for appellant.

(1) Defendant insists that the city should pay for the construction of her sidewalk because the city engineer in the above advertisement for bids made reference to ordinance No. 1619, which ordinance was not put in evidence. Defendant's rights or interests were not affected by the mistake if it was a mistake. Shehan v. Owen, 85 Mo. 465; Cole v. Skrainka, 105 Mo. 303; City of Marionville v. Henson, 65 Mo. App. 397. (2) The only possible injury that could be claimed by de-

fendant would be the payment by plaintiff of too high price for the work because of its failure to obtain competive bids for the work on account of the form of the advertisement; and this defense could not be set up under the general denial of the defendant in this case. City of Carthage v. Badgley, 73 Mo. App. 123; Vieths v. Plannet Co., 64 Mo. App. 207.

*Pearson & Pearson* for respondent.

(1)   The city engineer of the city of Louisiana, did not advertise for bids for the construction of the sidewalk in question, as he was authorized and directed to do by ordinance.  Guinott v. Engelhoff, 64 Mo. App. 365-6; Cole v. Skrainka, 105 Mo. 308; West v. Porter, 89 Mo. App. 153.

GOODE, J.—Action by the city of Louisiana to recover the amount paid by it for the construction of a granitoid sidewalk in front of lot 291, block 42, in the original town site of the city of Louisiana, which lot is alleged to have been owned by the defendant.  Said city works under a  special .charter, but this sidewalk was put down by virtue of the power conferred by sections 6261 and 6262, R. S. 1899.  The construction of the walk was directed by an ordinance, No. 1626, which required the owners of certain lots, including the one named, to build sidewalks in the manner and of the material stated in the ordinance in front of their lots. Most of the sidewalks were ordered to be built of granitoid, but some were to be made of boards.  The width of the granitoid walks, the mode of their construction with regard to the separate layers of cinders and gravel, and the thickness of the layers, were specified in said ordinance.  It contained, too, a provision that if the owners did not begin to build the walks by a designated date and finish them in a reasonable interval, the city council should cause them to be built, and that in that

contingency their cost should constitute a lien on the abutting property. Some of the property owners failed to put in walks within the time limited, and thereafter another ordinance, No. 1659, was passed, which directed the city engineer to advertise for bids for the construction of granitoid walks in front of the lots of the delinquent owners, of whom this defendant was one. The engineer advertised for bids for putting in the sidewalks, but the advertisement solicited bids for the construction of sidewalks of the kind and dimensions specified, not in ordinance No. 1626, which had authorized the laying of the sidewalks, but in another ordinance previously passed, to-wit, No. 1619, which had no reference to and made no mention of a walk in front of the defendant's lot. Bids were taken under this advertisement, a contract was let, and the walks laid.

We have no knowledge concerning the contents of ordinance No. 1619, as it was not put in evidence, though it is conceded, as stated, that it neither mentioned a walk in front of defendant's lot nor contained specifications for one. We do not know even that it asked for bids for granitoid walks. It may as well have called for bids for walks of wood, brick or stone. The alleged advertisement for bids, therefore, inasmuch as it called for bids for walks of the kind specified in an ordinance which contained no specifications or provision for a walk in front of the defendant's lot, and no known specifications of any kind, was, in effect, no advertisement at all. But an advertisement for bids should invite competitive bidding for an improvement of the character designated in the order for the particular improvement intended; as that is the only kind property owners can be made to pay for, and they can not be made to pay unless the work was competitively let on proper specifications. Clapton v. Taylor, 49 Mo. App. 117; City of De Soto ex rel. v. Showman, 100 Mo. App. 323, 73 S. W. 257. In consequence, the contract for the walk, and all the proceed-

ings, were ineffectual to place a lien on defendant's lot. This case is not one on a special taxbill, in which, by statutory mandate, the bill makes a prima facie case. The plaintiff introduced all the ordinances and records on which its lien was supposed to be founded and they prove that it has no lien.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.

